

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER ON MOTIONS

Appellate case names:    Massachusetts Bay Insurance Company, named as "Fictitious Party Hanover Insurance Group (on Behalf of Massachusetts Bay Insurance Company)" v. Newbern Brown Adkins, et al.;
Larry Adkins, Personal Representative of the Estate of Newbern Brown Adkins, et al. v. Lincoln Electric Company, et al.;
Dorothy Wilson as Personal Representative of the Estate of Arlie Richard Able, et al. v. Lincoln Electric Company, et al.;

Appellate case numbers:    01-18-00993-CV, 01-18-01064-CV, & 01-18-01071-CV

Trial court case numbers:    2017-67350, 2017-67350-A, & 2017-67246-A

Trial court:    11th District Court of Harris County

On January 31, 2019, appellees in the first appellate cause number 01-18-00993-CV, Larry Adkins, Personal Representative of the Estate of Newbern Brown Adkins, et al., filed an amended "Motion to Consolidate Appeals." Appellees Larry Adkins, et al., seek to consolidate appellate cause number 01-18-00993-CV with the related appellate cause numbers 01-18-01064-CV and 01-18-01071-CV, because they arise out of two multiple-plaintiff asbestos lawsuits heard before the same trial judge. Appellees further filed a "Conditional Motion to Use the Same Clerk's Record in Appeals, Subject to Motion to Consolidate Appeals," in which they seek to have the clerk's record to be filed in related appeal 01-18-01064-CV for appellees be designated as the "Appellees' Clerk's Record" in the first appeal 01-18-00993-CV. Appellees also seek to restyle 01-18-00993-CV as *Massachusetts Bay Insurance Company Named as Fictitious Party Hanover Insurance Group (on Behalf of Massachusetts Bay Insurance Company) v. Larry Adkins, Personal Representative of the Estate of Newbern Brown Adkins, et al.*, and that the appellees listed on Exhibit A be recognized as the appellees in this action. Appellees state that appellant Massachusetts Bay Insurance Company ("MBIC") opposes this motion in 01-18-00993-CV, but that the appellees in 01-18-01064-CV and 01-18-01071-CV do not.

On February 1, 2019, appellant MBIC, in 01-18-00993-CV, filed an objection to appellees' motion to consolidate appeals and to use the same clerk's record in appeals. MBIC raises several arguments in opposition, including that consolidation is improper because Texas Civil Practice and Remedies Code Section 51.014(a)(7) provides interlocutory appellate jurisdiction as to personal jurisdiction—what MBIC is challenging in their appeal of the denial of their special appearance—but not subject-matter jurisdiction, which is what the appellees are challenging in their appeals of the denials of their motions to remand in 01-18-01064-CV & 01-18-01071-CV. In addition, MBIC points out that this Court's December 18, 2018 Order on Motion in 01-18-00993-CV already dismissed appellees' attempted motion to extend time to file a joint notice of cross-appeal on the same subject-matter jurisdiction issue. MBIC further opposes appellees' motion to use the same clerk's record in appeals because it is unfairly prejudicial to MBIC, since they already paid for the clerk's record in 01-18-00993-CV which contains the necessary documents for that appeal, and that it is contrary to appellate procedural rules to have an "Appellees' Clerk's Record" or to supplement with duplicate documents. *See* TEX. R. APP. P. 34.5(c)(1), (3).

In reviewing the notice of appeal for related appeals 01-18-1064-CV and 01-18-01071-CV, the trial court's November 2, 2018 order of severance created the different trial court cause numbers 2017-67350-A and 2017-67246-A after granting the unopposed motion for severance of defendants Travelers Property Casualty Company of America, St. Paul Protective Insurance Company, Great American Insurance Company, Axis Insurance Company, and United States Fire Insurance. MBIC is the sole appellant in 01-18-00993-CV and it is not one of the appellees in 01-18-01064-CV or 01-18-01071-CV which sought severance. Thus, these are three appeals with three different trial court cause numbers and do not involve the same parties because "[a] severed action becomes a different action." *In re Dupont*, 92 S.W.3d 517, 523 (Tex. 2002).

Also, the clerk's record for 01-18-00993-CV was filed on November 21, 2018, and was paid for by appellant MBIC, and in 01-18-01064-CV, the clerk's record was filed and paid for by appellants Larry Adkins, et al., as required for appellants. *See* TEX. R. APP. P. 35.3(a)(2). For appellate cause number 01-18-01071-CV, appellants Dorothy Wilson, et al., will have to pay for the clerk's record, which is now due by February 26, 2019. Thus, there is no need for an "Appellees' Clerk's Record" in 01-18-00993-CV, unless a supplemental clerk's record is requested by appellees. *See* TEX. R. APP. P. 34.5(c)(1). Furthermore, this Court may decide to submit the three appeals together and, if this Court permits argument, they may be argued together without consolidation. Accordingly, the Court **DENIES** appellees' motion to consolidate and motion to use the same clerk's record.

It is so ORDERED.



Judge's signature: ___/s/ Evelyn V. Keyes_____
           x  Acting individually    ☐ Acting for the Court
Date: __February 12, 2019____